COURT OF COMMON PLEAS
GREEN COUNTY, OHIO

FILED
2026 JAN -9 PH 3:28
A. WILLIAMS
COMMON PLEAS COURT
GREENE COUNTY, OHIO

MATTHEW ARNOLD
508 Fairview Ave.
Hamilton, OH 45015

      Plaintiff

v

WALMART
PO BOX 14731
Lexington, KY 40512

JOHN DOES 1-10
Current Names and
Addresses Unknown

And

JOHN DOE CORPORATIONS 11-20
Current Names and
Addresses Unknown

      Defendants

CASE NO.: 2 0 2 6 CV 0 0 1 6

JUDGE TORNICHIO
JUDGE:_____

## COMPLAINT

At all times relevant hereto, Defendants John Does 1-10 and John Doe Corporations 11-20, inclusive, are persons and/or corporations whose names the Plaintiff does not know and has been unable to presently ascertain, but are people and/or entities involved in this action. Defendants John Does 1-10 and John Doe Corporations 11-20, inclusive, presently unidentified, will in no way be prejudiced in the maintenance of their defense on the merits within the meaning of the Ohio Rules of Civil Procedure because of their constructive or actual notice of the institution of this case. Except for the inability of the Plaintiff to discover the names of the Defendants John Does 1 -10 and John Doe Corporations 11-20, inclusive, these actions would be

**EXHIBIT A**

brought against them in their proper, true, and exact names and capacities, and said information will be provided by the Plaintiff when such information becomes fully known to the Plaintiff.

## FIRST CAUSE OF ACTION

1. At all times relevant herein, Defendants, WALMART, John Does 1-10 and/or John Doe Corporations 11-15 (hereinafter "Defendants"), were the owners, operators, lease holders, and/or were responsible for the operation, maintenance, possession, inspection, and control of the premises located at 100a Washington Jackson Rd. Eaton, OH 45320, through its employees, agents, and servants who were acting within their course and scope of their authority.

2. At all times relevant herein, Plaintiff Arnold was a business invitee of the Defendants for the purpose of shopping within the store.

3. On or about January 12th, 2024 Plaintiff proceeded to walk exercising due care around the premise when the Defendants negligently and/or recklessly allowed multiple defects in the concrete go unmaintained causing a tripping hazard, thereby creating a defective and latent condition, while failing to remove, warn, or protect Plaintiff who, as a result, fell to the ground causing Plaintiff injury.

4. On or about January 12th, 2024 Defendants, through their agents, servants, and assigns, breached their duty of care owned to Plaintiff by negligently and/or recklessly observing without acting in a reasonable manner or time frame or creating the defective condition on the ground, where patrons were known or should have been known be present, a place the Defendants knew or should have known created a defective and dangerous latent condition. As a direct and proximate cause of the Defendants' negligence, Plaintiff Arnold tripped and fell causing severe personal injuries requiring medical attention, care and treatment.

5.      As a direct and proximate result of the Defendants' negligent and/or reckless acts and/or omissions, Plaintiff has suffered mental anguish, pain and suffering, and emotional distress and will continue to suffer mental anguish, pain and suffering, and emotional distress into the future.

6.      As a direct and proximate result of the Defendants' negligent and/or reckless acts, Plaintiff sustained injury to her right elbow requiring medical treatment and incurred medical expenses in the past and he will continue to require medical treatment and incur medical expenses into the future.

7.      As a direct and proximate result of the Defendants' negligent and/or reckless acts and/or omissions, Plaintiff has incurred medical expenses and undetermined miscellaneous expenses in the past.

## SECOND CAUSE OF ACTION

8.      Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 7 as if fully rewritten herein.

9.      Defendants breached their duty of care owned to Plaintiff by:

(a)     Negligently failing to remove or prevent latent dangerous and/or defective conditions to remain on the ground located at Walmart.

(b)     Negligently failing to warn the Plaintiff and other business invitees of the dangerous conditions to remain on the ground after proper notice at Walmart.

(c)     Negligently failing to protect Plaintiff and other business invitees by inspecting, maintaining, or doing other affirmative acts which would have removed the dangerous condition or warned patrons of the store of the dangerous conditions created when defects in the concrete created a hazardous condition at Walmart.

(d)     Negligently supervising, hiring, and/or training its employees, agents and servants in the proper and safe maintenance of defective condition to remain on the ground at the Walmart.

(e)      Negligently failing to follow applicable federal, state, and/or architectural building and/or safety codes, for maintenance, safe ingress and egress at the Walmart.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $25k, along with attorney's fees, prejudgment & post judgement interests, costs and all other relief to which may be entitled.

Respectfully submitted,

/s/ Jordan Schultz

Jordan Schultz (0091320)
Stepleton Law LLC
7162 Reading Rd. STE 250
Cincinnati, Ohio 45237
Telephone: 513-321-7733
Fax Number: 513-321-7740
Jordan@StepLaw.net