**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| MATTHEW ARNOLD, | : | Case No. 3:26-cv-00180 |
| Plaintiff, | : | District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| WALMART, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court to consider whether it has subject-matter jurisdiction over this removed action. *See* Fed. R. Civ. P. 12(h)(3). This Court previously issued an Order to Show Cause directing Defendant Wal-Mart Stores East, LP ("Walmart") to supplement its Notice of Removal to establish that the amount in controversy exceeds $75,000. (First OSC, Doc. No. 7.) After reviewing the Response filed by Defendant Walmart, the Court issued a Second Order to Show Cause and again directed Walmart to show cause why this case should not be remanded for lack of subject-matter jurisdiction. (Second OSC, Doc. No. 10.) Defendant did not file a response.

For the reasons discussed below, the undersigned concludes that Walmart has not shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Greene County Common Pleas Court due to a lack of subject-matter jurisdiction.

## I. BACKGROUND

This dispute arose from injuries that Plaintiff Matthew Arnold allegedly sustained when he tripped and fell because of "multiple defects in the concrete" on January 12, 2024, while shopping at a Walmart store in Eaton, Ohio. (Complaint, Doc. No. 2 at PageID 43.) Plaintiff filed this negligence action in the Greene Country Common Pleas Court against Defendant Walmart, as well as unknown "people and/or entities involved in this action" ("John Doe Defendants"). (*Id.* at PageID 42-43.) Plaintiff asserts that he sustained injuries and damages that include "severe personal injuries requiring medical attention, care[,] and treatment," as well as "mental anguish, pain and suffering, and emotional distress." (*Id.* at PageID 43-44.) In his prayer for relief, Plaintiff seeks "judgment against the Defendants, jointly and severally, in an amount in excess of $25k, along with attorney's fees, prejudgment & post judgement interests, costs and all other relief to which may be entitled." (*Id*. at PageID 45.)

Defendant Walmart removed the lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) To support its assertion that the amount-in-controversy requirement is met, Walmart's Notice of Removal relied solely upon Plaintiff's denial to the following request for admission: "The amount in controversy claimed by You in this action does not exceed $75,000.00, exclusive of interest and costs. Admit or Deny?" (Notice of Removal, Doc. No. 1 at PageID 3 (citing Plaintiff's RFA Responses, Doc. No. 6 at PageID 58).) The undersigned thereafter issued an Order to Show Cause as to why this action should not be remanded to state court for lack of subject-matter jurisdiction. (First OSC, Doc. No. 8.)

In its Response to the First OSC, Walmart again relied on Plaintiff's denial described in its Notice of Removal and, in addition, on Plaintiff's admission to the following request for admission: "Your alleged damages in this litigation are in excess of $75,000.00, exclusive of interest and costs. Admit or Deny?" (Response to First OSC, Doc. No. 9 at PageID 67.) Walmart argues that Plaintiff's responses to these two requests for admission provide sufficient evidence to satisfy the amount-in-controversy requirement. (*Id*. at PageID 67-68.) After reviewing Walmart's Response, the undersigned issued another Order to Show Cause in which it explained that the cited admissions were insufficient to establish that the amount-in-controversy requirement is met. The undersigned again directed Walmart to show cause why this case should not be remanded due to lack of subject-matter jurisdiction. (Second OSC, Doc. No. 10.) This time, Walmart did not respond.

## II. LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute ... , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Therefore, this Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

Under 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Where, as here, a case is removed from state court based upon diversity jurisdiction, the Sixth Circuit "places a burden on [the removing] defendant … to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

If the plaintiff seeks a particular amount of damages in the complaint and has a good-faith basis for doing so, then the defendant's burden is relatively light, as the "sum demanded … shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that

the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *accord Cleveland Housing Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating ***by competent proof*** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). But the Court is not bound by, and should not defer to, a plaintiff's estimation of his damages when determining whether the amount-in-controversy requirement is met. *E.g., Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern*, 424 F. Supp.

3d at 1269 ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

## III. ANALYSIS

As the party that removed this action to federal court, Walmart bears the burden of proving that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Hayes*, 266 F.3d at 572. The undersigned concludes that Walmart has not established this jurisdictional amount by a preponderance of the evidence. Therefore, the undersigned Magistrate Judge recommends that the District Judge remand this matter to the Greene County Court of Common Pleas for lack of subject-matter jurisdiction.

Walmart asserts that Plaintiff's responses to two requests for admission provide sufficient proof that the amount in controversy exceeds $75,000. (Response to First OSC, Doc. No. 9, PageID 67-68.) Specifically, Walmart cites: 1) Plaintiff's denial that "[t]he amount in controversy claimed by You in this action does not exceed $75,000.00, exclusive of interest and costs; and 2) Plaintiff's admission that "[y]our alleged damages in this litigation are in excess of $75,000.00, exclusive of interest and costs." (*Id*. at PageID 67 (citing Plaintiff's RFA Responses, Doc. No. 9 at PageID 70.))

The undersigned disagrees that these responses are sufficient. "Courts routinely find that conclusory responses to requests for admission by themselves cannot constitute the basis for removal on diversity jurisdiction, as [they] lack factual support for the contention." *Davis v. Diaz*, No. 8:26-cv-318, 2026 U.S. Dist. LEXIS 27874, at *6 (M.D. Fla. Feb. 11, 2026) (internal quotations and citation omitted). *E.g.*, *Lee v. Walmart Stores*

*East LP*, No. 3:26-cv-603, 2026 U.S. Dist. LEXIS 129912, at *2-3 (M.D. Fla. June 11, 2026) (although plaintiff's admission that her damages exceed $75,000 "deserves some weight," it "alone does not satisfy Defendant's burden of proving the amount in controversy"); *Graham v. CVS Pharm., Inc.*, No. 26-61285, 2026 U.S. Dist. LEXIS 110576, at *5 (S.D. Fla. May 19, 2026) ("A plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient"); *Morris v. Dollar Tree Stores, Inc.*, Case No. 7:25-cv-13012, 2026 U.S. Dist. LEXIS 88619, at *5 (D.S.C. Apr. 22, 2026) (rejecting removing defendant's reliance on plaintiff's admission that she seeks more than $75,000 in damages because parties "cannot confer subject matter jurisdiction on the federal courts by stipulation") (quoting 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (5th ed. 2026)); *Thomas v. Burlington Coat Factory Warehouse Corp.*, No. 25-581, 2026 U.S. Dist. LEXIS 35150, at *10 (M.D. La. Feb. 4, 2026) ("This Court … has not held that a response [to a request for admission], without more, was sufficient for satisfying a removing defendant's burden of demonstrating that the jurisdictional amount is satisfied").

The Court acknowledges that other district courts have reached a different conclusion. For example, the United States District Court of the Eastern District of Kentucky held, on facts similar to this case, that Walmart proved that the amount-in-controversy requirement was met simply by providing plaintiff's denial of a request for admission. *Moran v. Wal-Mart, Inc.*, No. 5:21-cv-260, 2021 U.S. Dist. LEXIS 235810, at *6 (E.D. Ky. Dec. 9, 2021) ("Moran's denial of the request for admission provides competent proof that the amount in controversy is more than $75,000.00.").

This Court declines to follow *Moran* because federal courts are not bound by, and should not defer to, a plaintiff's estimation of his damages when determining whether the amount-in-controversy requirement is satisfied. *See, e.g., Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, at *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal."). Although a plaintiff's admission that his damages exceed $75,000 may be relevant evidence, it is insufficient on its own to prove that the amount-in-controversy requirement is met.

Moreover, even if Plaintiff believes that his damages exceed $75,000, Defendant points to no evidence, other than Plaintiff's responses to these requests for admission, that the amount-in-controversy requirement has been met. Therefore, this is "a case where the defendant provided no quantifiable evidence of damages—leaving the court with nothing but speculation." *Halsey*, 755 F. App'x at 528 (citing *Suwala v. Progressive Ins. Co.*, No. 2005-cv-135, 2005 U.S. Dist. LEXIS 21473, 2005 WL 2076490, *3 (E.D. Ky. Aug. 25, 2005) (remanding the case)); *see Palmer v. XPO Logistics Inc.,* No. 5:22-247-KKC, 2023 U.S. Dist. LEXIS 126770, at *7 (E.D. Ky. July 24, 2023) (it "is impermissibly theoretical and speculative" to base the amount in controversy upon vague allegations of injury). Accordingly, Walmart has failed to meet its burden of proof.

## IV. CONCLUSION

For the reasons stated above, the undersigned concludes that Defendant Walmart has not proven, by a preponderance of the evidence, that the amount in controversy

exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then remand is required. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8. Accordingly, the undersigned recommends that this matter be remanded to the Court of Common Pleas of Greene County, Ohio.

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).