UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MATTHEW ARNOLD,

Plaintiff,

Case No. 3:26-cv-180

vs.

WALMART, *et al.*,

Defendants.

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 11); (2) REMANDING THIS CASE TO THE GREENE COUNTY, OHIO COURT OF COMMON PLEAS; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Matthew Arnold initially brought this civil case, through counsel, against Defendants Walmart, John Does 1–10, and John Doe Corporations 11–20 in the Greene County, Ohio Court of Common Pleas. Doc. No. 2. On June 8, 2026, Defendant Walmart timely removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. No. 1 at PageID 1; *see* 28 U.S.C. § 1441(a). On August 6, 2026, after conducting an initial review of the notice of removal and complaint, United States Magistrate Judge Caroline Gentry ordered Defendant to show cause why the case should not be remanded to state court for lack of subject-matter jurisdiction due to a suggestion that the amount-in-controversy requirement is not met. Doc. No. 7; *see* 28 U.S.C. § 1332(a).

Walmart responded to the Show Cause Order and relied on Plaintiff's responses to requests for admission wherein Plaintiff admits that his alleged damages are in excess of $75,000. Doc. No. 10. Given that Walmart failed to provide any evidence beyond that which was included in the complaint and notice of removal, Judge Gentry again ordered Walmart to show cause why the case should not be remanded for lack of subject-matter jurisdiction. Doc. No. 10. Walmart did not respond, and the time for doing so has passed. *See id.* at PageID 75–76.

After Defendant did not respond, Judge Gentry issued a Report and Recommendation ("R&R") on October 5, 2026 in which she recommended the Court remand this case to the Greene County, Ohio Court of Common Pleas. Doc. No. 11. The parties have not filed objections to the R&R, and the time for doing so under Fed. R. Civ. P. 72(b) has expired. Upon careful review of the foregoing, the Court concludes that the R&R is well-reasoned, cogently written, and not "clearly erroneous or … contrary to law." 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court **ADOPTS** the R&R and **REMANDS** this case to the Greene County Court of Common Pleas. This case is **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED.**

November 4, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge